**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-1910**

───────────────

IVAN REMBERTO CERNA,

    Petitioner,

  v.

PAMELA JO BONDI, Attorney General,

    Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────────

Submitted:  January 22, 2026      Decided:  February 18, 2026

───────────────

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Adam Solow, SOLOW, HARTNETT & GALVAN, LLC, Philadelphia, Pennsylvania, for Petitioner.  Brett A. Shumate, Acting Assistant Attorney General, Anthony C. Payne, Christopher Ian Pryby, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan Remberto Cerna, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") sustaining the Department of Homeland Security's appeal and vacating the immigration judge's oral decision granting Cerna deferral of removal under the Convention Against Torture. We deny the petition for review.

Upon review of the record, including the transcript of Cerna's merits hearing and all supporting evidence, we conclude that substantial evidence supports the Board's ruling that the immigration judge committed clear error in reaching the relevant predictive factual findings. *See Colorado Navarro v. Bondi*, 148 F.4th 182, 190, 192 (4th Cir. 2025) (explaining standard of review in this procedural context and observing that, while not conclusively dispositive on their own, statistics can "provide substantial evidence . . . to support the BIA on the likelihood of torture in prison"). Nor do we discern legal error in the Board's reversal decision in that the Board properly reviewed the immigration judge's legal rulings de novo. *Id.* at 190; *see also In re A-A-R*, 29 I. & N. Dec. 38, 41 (B.I.A. 2025) ("[W]hether a predicted factual outcome meets the definition of 'torture' is a question of law that the Board properly considers de novo." (citation modified)). Accordingly, we deny the petition for review. *See In re Cerna* (B.I.A. July 12, 2024).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

2